

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NOS. 2-08-076-CR**
**2-08-077-CR**

VICTOR DEAN CRENSHAW                                             APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After waiving a jury and entering open pleas of guilty, appellant Victor

Dean Crenshaw appeals his convictions and concurrent four-year sentences for

fraudulently possessing dihydrocodeinone, enhanced by one prior felony

conviction.  *See* Tex. Health & Safety Code Ann. §§ 481.104(a)(4), 481.129

---

[1] *See* Tex. R. App. P. 47.4.

(Vernon 2003); Tex. Penal Code Ann. § 12.33 (Vernon 2003), § 12.42(a)(3) (Vernon Supp. 2008).  We affirm.

Appellant's court-appointed appellate counsel for both appeals has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, the appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant filed a pro se brief, but the State did not file any briefs.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and appellant's pro se brief.  We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App.

2

2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 11, 2009

3